UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

DAMON WASHINGTON

    Defendant.
_____/

CRIMINAL CASE NO. 17-20683
CIVIL CASE NO. 20-1278
HON. DENISE PAGE HOOD

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
[#130]; ORDER DISMISSING CIVIL CASE NO. 20-11278;
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

On April 12, 2018, pursuant to a Rule 11 plea agreement, Defendant Damon Washington pleaded guilty to charges for: (a) Conspiracy to Commit Carjacking (Count 1); (b) Carjacking (Counts 7-8); (c) Use, Carry, and Brandish of a Firearm During and In Relation to Crime of Violence (Counts 16-17); and (d) Possession of Device-Making Equipment, Aggravated Identity Theft, and Possession of 15 or More Counterfeit or Unauthorized Access Devices (Counts 20-22). ECF No. 46. Although the parties and the Court agreed that the guideline range for this offense was 504-534 months in prison, the Court imposed a sentence of 156 months (13 years) in prison. ECF No. 156. Defendant waived his right to appeal his conviction and the sentence imposed, ECF No. 46, but his waiver did not bar filing a claim for

1

ineffective assistance of counsel.

On or about April 22, 2020, Defendant timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). ECF No. 130. The Government filed a response, ECF No. 156, and Defendant filed a reply. ECF No. 170. Defendant also sent a letter to the Court dated January 6, 2022 (mailed on January 10, 2022 and docketed on January 20, 2022). ECF No. 178. The Court reviewed and considered all these filings in deciding the 2255 Motion.

## I.    BACKGROUND

In September 2017, Defendant and his co-defendants, Kenneth Gardner ("Gardner") and Veronica Sharp ("Sharp"), conspired to rob and carjack customers of Detroit casinos. The "car-bumping" plan they developed entailed: (1) Defendant and Sharp locating a potential target in the casino; (2) notifying Gardner as the patron left the casino while Gardner waited outside in a stolen car; and (3) Gardner then following the intended victim and "bumping" the victim's car to look like a minor car accident. Once both Gardner and the victim pulled over to "assess the damage" from the "accident," Gardner would rob the victim at gunpoint, taking the victim's car, phone, wallet, identifying information, and casino earnings. Defendant and Sharp would then meet up with Gardner to split the profits.

On October 2, 2017, officers observed Defendant and Gardner follow

victim A.W. as she exited the casino. After following her vehicle down the road, Gardner bumped her vehicle and both parties pulled over. As Gardner approached the victim's vehicle, officers immediately approached both vehicles and put an end to the attempted carjacking. Gardner threw a handgun under the victim's car. The handgun was later recovered by police and identified as the one Defendant gave to Gardner. Police apprehended Defendant in his Dodge Charger a few exits away from the crime scene.

Based on Defendant's plea agreement, admissions at his plea hearing, and testimony at Gardner's trial, Defendant's role in the scheme included: (1) giving Gardner a handgun with green laser precision to carry out the car jackings; (2) driving Gardner to locate the stolen vehicles used in the car bumping plan; (3) helping Sharp in select victims at the casino; and (4) encouraging Gardner to continue with the car jackings until they were apprehended by law enforcement during the attempted carjacking of A.W.

In his 2255 Motion, Defendant argues that: (1) his counsel was ineffective for advising him to plead guilty to Counts 16 and 17, crimes that he now asserts he did not commit; and (2) his plea was made unwillingly. ECF No. 130, PgID 6-7.

## II.   LEGAL STANDARDS

### A. 28 U.S.C. § 2255

28 U.S.C. § 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Further, relief under § 2255 requires a showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. U. S.*, 417 U.S. 333, 346 (1974).

**B. Ineffective Assistance of Counsel Claims**

Under the Sixth Amendment, a defendant has a right to "have the assistance of counsel for his defense." U.S. Const. Amend. VI. A defendant under the Sixth Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious

4

> that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.* "There is a strong presumption that legal counsel is competent," *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989), and "falls within the wide range of reasonable professional assistance."

*Strickland*, 466 U.S. at 689.

A "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). Further, "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

An attorney is not deficient for failing to argue a frivolous claim. *See, e.g., Krist v. Foltz*, 804 F.2d 944, 946 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist.").

### III. ANALYSIS OF § 2255 MOTION

**A. Actual Innocence**

Defendant pleaded guilty to knowingly using, carrying, or brandishing a firearm during or in relation to the predicate offense of attempt to commit carjacking in relation to A.W, in violation of 18 U.S.C. 924(c). Defendant argues that he is actually innocent of Counts 16 and 17. He claims that an attempt to commit the offense of carjacking of a motor vehicle as defined by 18 U.S.C. 2119 (Count 17) fails to qualify as a "crime of violence" under 18 U.S.C 924(c), in particular the "element clause." 18 U.S.C. 924 (c)(3)(A). ECF No. 256, PgID 7-8.

A "crime of violence" is a felony that: (1) has as an element the use, **<u>attempted use</u>**, or threatened use of physical force against the person or property of another; or (2) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *See* 18 U.S.C. § 924(c)(3) (emphasis added). Defendant asserts that an attempted carjacking does not satisfy the element portion of section 924(c) because the elements of attempt are "straightforward." Defendant also insists that the allegation of brandishing a firearm as charged in Count 17 does not satisfy or support the elements of 18 U.S.C. § 924(c)(4).

As the Government argues, the Sixth Circuit in 2019 expressly held that attempted carjacking is a crime of violence. *See United States v. Jackson*, 918 F.3d

467, 486 (6th Cir. 2019) ("Because the federal bank robbery and carjacking statutes use the same language, our precedent requires us to conclude—as have the Fourth, Fifth, and Eleventh Circuits—that the commission of carjacking by "intimidation" necessarily involves the threatened use of violent physical force and, therefore, <u>that carjacking constitutes a crime of violence under §924(c)'s elements clause</u>."). The case Defendant relies upon, *United States v. Davis*, 139 S.Ct. 2319 (2019), is inapplicable to the instant matter, as that court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. The *Davis* holding does not aid Defendant in this matter because it does not apply to the residual clause in Section 924(c)(3)(B), which makes it illegal to use a firearm during and in relation to a "crime of violence." Even if *Davis* applied to Section 924(c)(3)(B), it would not aid Defendant because carjacking falls within the elements clause (Section 924(c)(3)(A)), not the residual clause (Section 924(c)(3)(B).

The Court also notes that whether an offense is a crime of violence under 18 U.S.C. §924(c) is a legal, not factual issue. *See United States v. Taylor*, 176 F.3d 331, 337 (6th Cir. 1999) ("It is well-settled that whether a crime is one 'of violence' is a determination we make by looking at the statutory definition of the crime rather than to the evidence presented to prove it."). And, the law, as set forth in *Jackson*, is that the offense of carjacking constitutes a "crime of violence" under 18 U.S.C.

§924(c)(3)(A) (the elements clause). *Jackson*, 918 F.3d at 467.

### B. The guilty plea agreement does not outline "substantial steps"

Defendant next argues that the "minimal criminal conduct" necessary for conviction was not present as it relates to him. Defendant claims that the guilty plea accepted by the Court failed to outline "substantial steps" that he took toward committing a violent offense (beyond instructing Gardner to target certain victim's vehicles). Defendant contends that carjacking is not a crime of violence because: (a) it can be committed by "minimal criminal conduct necessary for conviction under a particular statute," *United States v. Hendricks*, 921 F.3d 320 (2d Cir. 2019); and (b) one can take many "substantial steps" towards committing an attempted carjacking without the "use, attempted use, or threatened use of physical force." He argues that the word "before" used to describe the last attempted carjacking incident is significant because police intervened **before** any act of violence occurred. Defendant also argues that Count 17 must be dismissed because the spectrum of attempt criminal liability is so broad and no firearm was brandished according to the elements of the law.

The Court rejects Defendant's claim that he did not take "substantial steps" to complete the intended A.W. carjacking. Defendant gave a loaded gun with a laser sight to Gardner for the purpose of committing carjackings, drove Gardner to a parking lot where Gardner stole the van used to "bump" A.W.'s car, and encouraged

8

Gardner to carry out the carjackings. Defendant participated in several successful carjackings and the attempt to carjack A.W. in the same manner. But for police intervention, the incident involving A.W. would have resulted in the trio's fifth successful carjacking.

Defendant's suggestion that attempt liability is so broad and no firearm was brandished is belied by his admissions and testimony. Defendant admitted in his Rule 11 Plea Agreement that – and described at his plea hearing how -- he aided and abetted Gardner's use of a firearm during the attempted carjacking of A.W., a crime of violence. *See* ECF No. 46 (Rule 11 Plea Agreement), PageID.121-22; ECF No. 148 (Plea Transcript), PageID.2492-93. The factual basis in the Rule 11 Plea Agreement with respect to his guilty plea to Count 16 alone was sufficient to support his convictions on Counts 16 and 17 for the attempted armed carjacking of A.W. Defendant's testimony during the Gardner trial also undermines his claims of actual innocence on Counts 16 and 17. *See* ECF No. 93, PageID.1631-95, 1736-42 (December 10, 2018 Transcript from Gardner Trial that includes Defendant's testimony describing his conduct and admitting his guilt).

### C. Typographical error in the indictment

Defendant's final argument is that his Section 924(c) conviction on Count 17 should be vacated because of a typographical error in the indictment. ECF No. 156. Count 17 stems from the attempted carjacking of A.W. in Count 16, but as the

Government acknowledges, Count 17 referenced "Count 17" rather than "Count 16." Defendant contends that the Government does not have "free rein" to accuse him of an enhanced crime without first pinpointing the actual offense (*i.e.*, Count) used as a predicate, nor does the Government have the authority to intermix elements. Defendant asks that Counts 16 and 17 be dismissed and his conviction on those counts vacated because of the typographical error.

The Government argues that the typographical error is not fatal to Defendant's guilty plea on Counts 16 and 17 because Defendant cannot show that it has affected his rights. *See United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993) (the general rule is that an amendment to an indictment can only be made by a grand jury). It is well-established law, however, that federal courts allow amendments to be made "when the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962). Changes of form include corrections of clerical or typographical errors. *See United States v. Budd,* 496 F.3d 517, 534 n.3 (6th Cir.2007). The Government contends that the corrections required in this matter should be allowed because they "do not alter the charging terms" of the indictment and do not jeopardize a defendant's constitutional protections (specifically fair notice of the charges) as a result.

The Court agrees. The Court finds that the Indictment afforded Defendant fair notice that the crime charged in Count 17 related to his use of a firearm during

10

and in relation to the attempted carjacking of A.W. The Rule 11 Plea Agreement made it clear that the firearm used during the carjacking was related to the victim, A.W., as that attempted carjacking was the only carjacking charged for the date set forth in Count 17 the Indictment (as well as in the Rule 11 Plea Agreement). *See* ECF Nos. 12, 46. That information was sufficient to put Defendant on notice that the crime alleged in Count 17 related to the actions taken against A.W.

The Court also notes that Defendant did not raise this issue and did not challenge the alleged conduct vis a vis A.W. during his plea colloquy. Defendant willingly admitted his participation in the attempted carjacking of A.W., *see* ECF No. 148 (Plea Transcript), and he never claimed that he had not been advised of the criminal conduct alleged against him in Counts 16 and 17. In fact, Count 17 was explained to Defendant during his plea hearing. *Id.* at Page.ID 2474. Defendant then acknowledged that he read the Indictment and did not question any of its contents. *Id*. at Page.ID 2467-68.

      D.    **Ineffective Assistance of Counsel**

The Court finds that Defendant's ineffective assistance of counsel claim fails because he cannot satisfy either of the two prongs in *Strickland*. The first prong Defendant must prove is showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland, 466 U.S. at 687–88*. The second prong Defendant must establish is prejudice -- or put more simply: "a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id. at 694*. "Reasonable probability" can be defined as something that is ""sufficient to undermine confidence in the outcome."

As noted above, Court does not need to address both prongs if Defendant makes an "insufficient showing" on one. Contrary to Defendant's belief, trial counsel was not ineffective for allowing him to enter a plea of guilty to Count 17, even taking into consideration *Davis*, which had been foreclosed by Sixth Circuit precedent. As set forth above and given the "totality of the evidence," *United States v. Dado,* 759 F.3d 550, 563 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 695), there are no circumstances that would create the likelihood of acquittal necessary to undermine the confidence of Defendant's guilty pleas. As noted above, the Court finds that there is overwhelming evidence that Defendant committed the crime of attempted carjacking with respect to A.W., such that his conviction on Counts 16 and 17 must be upheld.

The Court further notes that, had Defendant gone to trial, he could have suffered a fate similar to Gardner. Gardner was found guilty on all counts and sentenced to 444 months (37 years), so Defendant was not prejudiced by his attorney's advice. He received a reduced sentence of 156 months (13 years) that was one-third of Gardner's sentence and less than a third of the guideline sentence range of 504-534 months (42-44 ½ years). Accordingly, Defendant's trial counsel

did not prejudice Defendant, nor was trial counsel ineffective, for allowing Defendant to plead guilty to Counts 16 and 17.

### E. Conclusion

For the reasons set forth above, the Court denies Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

## IV. ANALYSIS REGARDING EVIDENTIARY HEARING

In his § 2255 Motion, Defendant asked for an evidentiary hearing. ECF No. 130, PageID.2287. The Sixth Circuit has held that:

> [W]hen a factual dispute arises in a § 2255 motion, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims *unless* the record conclusively shows that the petitioner is entitled to no relief. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir.2007), *cert. denied*, --- U.S. ----, 128 S.Ct. 1311, 170 L.Ed.2d 127 (2008) (emphasis added). Stated another way, the court is not required to hold an evidentiary hearing if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Id*.

*Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008). For the reasons set forth above, the record refutes Defendant's factual allegations, such that an evidentiary hearing is unnecessary. Defendant has offered no evidence that would support any of his allegations. The Court denies Defendant's request for an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it

13

enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. In order to obtain a certificate of appealability, a defendant "must make a substantial showing of the denial of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 483 (2000); 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the defendant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal quotations omitted). In other words, when a district court rejects a defendant's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

The Court concludes that, with respect to any of the grounds asserted in the 2255 motion, Defendant has not shown (and cannot show) that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack,* 529 U.S. at 483-84 (citation and internal

quotations omitted). For the reasons stated above, the Court finds that the issues raised by Defendant are without merit, and it will not issue Defendant a certificate of appealability.

## VI. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Criminal Case No. 17-20683, ECF No. 130, filed April 22, 2020] is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Civil Case No. 20-11278] is **DISMISSED WITH PREJUDICE and designated as CLOSED.**

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

                                    s/Denise Page Hood
                                    DENISE PAGE HOOD
                                    United States District Judge

DATED: April 5, 2022